## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EIRENE LANE A/K/A WILD CHERRY    *
3901 Suitland Road    *
Suitland, Maryland 20747    *
   *
***On Behalf of Herself and***    *
***All Others Similarly situated***    *
   *
PLAINTIFF    *
   *
v.    *    Case No.:
   *
KO-ME, LLC T/A MILE HIGH RESTAURANT   *
7911 Lewis Spring Avenue    *
Clinton, Maryland 20735    *
   *
   SERVE ON RESIDENT AGENT    *
   Pedro Ponce    *
   1315 West Hamburg Street    *
   Baltimore, Maryland 21230    *
   *
DEFENDANT.    *

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

Plaintiff Eirene Lane a/k/a exotic dancer "Wild Cherry" ("Plaintiff") by and through her undersigned counsel, on behalf of herself and all others similarly situated, hereby complains against Defendant Ko-Me, LLC t/a Mile High Restaurant or Mile High Club ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and to recover damages under the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*

## PARTIES AND JURISDICTION

1.    Plaintiff is an adult resident of the State of Maryland.

2.    Defendant is a Limited Liability Company formed under the laws of the State of

Maryland with its principal place of business in Clinton, Maryland. Defendant is in the business of operating a nightclub and bar known as The Mile High Restaurant or The Mile High Club featuring nude exotic dancers. At all times relevant, Defendant was Plaintiff's "employer" for purposes of the FLSA and MWPCL.

3.     During Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.     This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

5.     Plaintiff was employed by Defendant from approximately August 2008 through July 2010. At all times relevant, Plaintiff worked for Defendant as a full time employee. At all times, Plaintiff's primary job duty was as an exotic dancer at Defendant's Mile High Club in Clinton, Maryland.

6.     During her term of employment, Plaintiff regularly worked eight (8) hour dance shifts, five (5) nights per week. While in Defendant's employ, Defendant failed and refused to pay Plaintiff any wages for work duties performed.

7.     At all times, Plaintiff was an employee of Defendant and was never an independent contractor.

8.     Notwithstanding that Defendant paid Plaintiff nothing for her hours worked each week; Defendant took deductions and withheld money from Plaintiff's tips. Defendant's unlawful and unauthorized withholdings and deductions from Plaintiff's tips included a $15.00 per shift "stage fee" that Defendant forced Plaintiff to pay it for each shift worked. Additionally, Defendant charged Plaintiff with late fees and fines for calling in sick or arriving late to work.

9.     Plaintiff is aware of other current and former employees of Defendant who are similarly situated in that they: (1) were employees of Defendant and were not independent contractors; (2) were not paid the Federal Minimum Wages as prescribed by the FLSA; and (3) had their wages unlawfully withheld or deducted by Defendant.

## CAUSES OF ACTION
### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Minimum Wage)**

10.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-9 above, as if each were set forth herein.

11.     Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

13.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendant was her "employer." Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Federal Minimum Wage.

14.     At all times relevant, Defendant paid Plaintiff nothing for all hours worked. In fact, when the deductions and withholdings that Defendant took from Plaintiff are factored in, Defendant paid Plaintiff less than nothing for hours worked each week. At all times relevant, such an hourly rate falls below the applicable Federal Minimum Wage.

15.     Defendant has failed and refused to compensate Plaintiff (and others similarly situated)

properly and as required by the FLSA for numerous hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

<u>COUNT II</u>
**Violation of the Maryland Wage Payment and Wage Collection Law**

16.    Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-15 above, as if each were set forth herein.

20.    Plaintiff was an "employee," and Defendant was her "employer" within the meaning of the MWPCL §§ 3-501, *et seq.* Under MWPCL § 3-505, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff all wages due for work that Plaintiff performed.

21.    Habitually, over the court of Plaintiff's employment, Defendant made deductions and made withholdings from Plaintiff's pay. Such deductions and withholdings included, but were not limited to, late fees, stage fees and illness fines. These deductions and withholdings made by Defendant were never authorized by Plaintiff.

22.    Defendants' taking of deductions and withholdings from Plaintiff's pay resulted in a failure by Defendant to pay Plaintiff all wages due and promised for worked performed as required by the MWPCL. Defendant's failure to pay Plaintiff all wages due for work performed, and taking of unauthorized and unlawful withholdings and deductions from Plaintiff's pay was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined

in this suit), under Count II, for all unpaid and/or improperly deducted wages in such amounts to be proven at trial. plus three (3x) times the amount of unpaid and/or improperly deducted wages as additional damages. interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

Respectfully submitted.

Gregg C. Greenberg, Bar No. 17291
Meredith R. Philipp, Bar No. 29153
The Zipin Law Firm, LLC
8403 Colesville Road
Suite 610
Silver Spring, Maryland 20910
Phone: (301) 587-9373
Fax: (301) 587-9397
Email: ggreenberg@zipinlaw.com
       mphilipp@zipinlaw.com

*Counsel for Plaintiff*