IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EIRENE LANE, et al.         :

    v.                       :   Civil Action No. 10-2261

KO-ME, LLC                  :

**MEMORANDUM OPINION AND ORDER**

On August 18, 2010, Plaintiff Eirene Lane commenced this action, on behalf of herself and similarly situated others, against Defendant Ko-Me, LLC, t/a Mile High Restaurant, to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and related state law provisions. On September 27, a second amended complaint was filed, adding Quansa Thompson as a named plaintiff. Defendant answered the second amended complaint on October 22, denying all material allegations and asserting various affirmative defenses.

By an order issued November 24, 2010, the court granted Plaintiff's motion to facilitate notification to putative class members, directing Defendant to provide identifying information for similarly situated employees who worked at the Mile High Club or Mile High Restaurant at any time since August 17, 2007, and approving an attached notice for Plaintiffs' use in contacting putative plaintiffs to advise of their opt-in rights.

Thereafter, two additional plaintiffs – Jacemyein Ellena Morris and Patrice Dominique Ruffin – opted-in to the suit.

The case was subsequently referred to United States Magistrate Judge Charles B. Day for potential settlement and, on August 26, 2011, the court was advised that a settlement had been reached. On August 29, the parties filed a joint motion for approval of settlement, which is presently pending. (ECF No. 35).[1]

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946)). Nevertheless, "[c]laims for FLSA violations can . . . be settled when the settlement is supervised by the [Department of Labor] or a court." *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005). While the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit have typically employed the considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.

---

[1] Also pending are Plaintiffs' motions for summary judgment (ECF No. 31) and for leave to appear at the settlement conference by telephone (ECF No. 34). As the settlement conference has taken place and the parties have settled the case, both motions will be denied as moot.

1982). As this court stated in *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010):

> *Lynn's Food Stores* suggests that an FLSA settlement should be approved if the settlement "does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." [*Lynn's Food Stores*, 679 F.2d at 1354]; *see also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1210, 2009 WL 3094955, at *8 (E.D.Va. Sept. 28, 2009) ("'If the proposed settlement reflects a reasonable compromise over contested issues,' the settlement should be approved.") (quoting *Lynn's Food Stores*, 679 F.2d at 1354). In contrast to Defendants' all-or-nothing approach, *Lynn's Food Stores* and similar cases recognize a role for less-than-full-value compromise in the FLSA settlement process. *See, e.g., Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 57–58 (E.D.N.Y.2010) (approving settlement of FLSA claims at 13–17% of maximum recovery). These compromises reflect the "many factors [that] may be in play as the parties negotiate," including disagreements over "the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer." *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1227 (M.D.Fla.2009).

It follows logically, then, that parties requesting approval of a proposed settlement "must provide enough information for the court to examine the bona fides of the dispute":

> The parties' motion (or presentation at a hearing) must describe the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours

3

> worked or rate of pay) resolved by the compromise. Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage. In any circumstance, the district court must ensure the bona fides of the dispute; implementation of the FLSA is frustrated if an employer can extract a disproportionate discount on FLSA wages in exchange for an attenuated defense to payment.

*Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010).

The court must also assess the reasonableness of the proposed award of attorneys' fees. A number of recent cases decided by the United States District Court for the Middle District of Florida, relying upon *Lynn's Food Stores*, have described the court's task in this regard as assuring "'both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Dees*, 706 F.Supp.2d at 1243 (quoting *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009)). Thus, if the motion demonstrates that the proposed fee award was "agreed upon separately and without regard to the amount paid to

4

the plaintiff, then, unless . . . there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonnetti*, 715 F.Supp.2d at 1228.

Section 216(b) expressly provides, however, that "in addition to any judgment awarded to the plaintiff or plaintiffs," the court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, where a judgment is entered in favor of the plaintiffs on their FLSA claims, an award of *reasonable* attorneys' fees is mandatory. Of course, in the context of a settlement, judgment is not entered in favor of either party and the defendants typically deny that any FLSA violation has occurred. It makes little sense to require the amount of the fees award to be reasonable where the plaintiffs prevail on the merits, but to abandon that requirement altogether where the parties agree to settle the case. Moreover, from a practical standpoint, where the plaintiffs would receive less than the full value of their claims in a settlement, it is difficult to conceive of how their recovery could not be adversely affected by an exorbitant award of attorneys' fees. *See Cisek v. National Surface Cleaning, Inc.*, 954 F.Supp. 110, 110 (S.D.N.Y.

1997) (plaintiffs' counsel "should have perceived that every dollar the defendants agreed to pay [the attorneys] was a dollar that defendants would not pay to the plaintiffs").

Accordingly, the reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Dees*, 706 F.Supp.2d at 1243. In making that assessment, courts typically "use the principles of the traditional lodestar method as a guide." *Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D.Va. May 5, 2010) (quoting *Almodova v. City and County of Honolulu*, No. 07-00378, 2010 WL 1372298, at *7 (D.Hawai'i Mar. 31, 2010)). The lodestar amount is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). It follows that parties seeking approval of an award of attorneys' fees must provide the court with the means for making this assessment, *e.g.*, declarations establishing the hours expended, broken down for each task, and demonstrating that the hourly rate was reasonable.

The instant motion is "clearly deficient in setting forth facts or arguments upon which the [c]ourt could evaluate the

[s]ettlement [a]greement for fairness." *Poulin*, 2010 WL 1813497, at *1. As to the nature of their dispute, the parties point to their disagreement regarding "Plaintiffs' status as 'employees' versus 'independent contractor[s],'" "the amount of compensation Defendant paid Plaintiffs for work duties performed," "the amount of hours worked by Plaintiffs," and "the calculation of any damages award." (ECF No. 35 ¶¶ 1-4). It is not enough simply to list the points of disagreement, however – the parties must provide a detailed description of their respective positions as to each issue so the court may assess whether there is, in fact, a bona fide dispute. *See Dees*, 706 F.Supp.2d at 1241-42. In the attached settlement agreement, the parties assert that the proposed settlement fund of $90,000.00 "represents the full amount claimed to be due for all hours claimed to have been worked plus all liquidated damages, attorney's fees, and costs relating thereto." (ECF No. 35-1 ¶ 3). As to the amounts owed to Plaintiffs, the parties have provided no basis upon which the court may assess the accuracy of this conclusory statement – *i.e.*, the number of hours Plaintiffs claim to have worked, the rates of pay they were owed, and the liquidated damages to which they claim to be entitled – and, as to attorneys' fees, there is no basis upon which the court may determine the lodestar amount. In fact, it

is completely unknown how the proposed settlement award will be apportioned between Plaintiffs and their counsel.

The proposed agreement additionally contains a "Covenant of Confidentiality," which compels Plaintiffs' silence as to the terms of the agreement or the negotiations leading to the agreement. (ECF No. 35-1 ¶ 4). As the court explained in *Dees*, 706 F.Supp.2d at 1242-43:

> A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. "The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered the national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.

While it remains to be seen whether the proposed confidentiality provision is unreasonable in this case, the parties have presented no argument in support of their position that it is not.

Accordingly, it is this 31st day of August, 2011, by the United States District Court for the District of Maryland, ORDERED that:

1. The parties' joint motion for approval of FLSA settlement (ECF No. 35) BE, and the same hereby IS, DENIED WITHOUT PREJUDICE to the parties right to file an amended motion within fourteen (14) days, setting forth a sufficient factual predicate upon which the court may determine that the proposed settlement is a fair and reasonable resolution of a bona fide dispute and that the requested award of attorneys' fees is reasonable under the lodestar method;

2. Plaintiffs' motions for summary judgment (ECF No. 31) and for leave to appear at the settlement conference by telephone (ECF No. 34) BE, and the same hereby ARE, DENIED as moot; and

3. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for both parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge